## Commonwealth v. Harobin

*M. J. Eagen,* district attorney, for Commonwealth.
*Bialkowski & Bialkowski,* for defendant.

LEWIS, J., June 27, 1934.—The indictment in the instant case charging malicious mischief was presented to and ignored by the grand jury, and the costs imposed upon the prosecutrix without naming her. In her petition seeking relief from such imposition of costs, the petitioner, Veronika Sewack, admits that she was the only witness called before the grand jury and from the record it appears that her name was endorsed on the indictment as prosecutrix and that only her name appears endorsed on the indictment as witness.

From this admission and these facts the Commonwealth contends that the return of the grand jury so imposing costs on the prosecutrix clearly indicates the purpose of the grand jury to penalize the prosecutrix by such imposition of costs. In the absence of evidence to the contrary we must assume that the action of the grand jury was regular, but such assumption does not relieve the grand jury from definitely naming the prosecutrix.

The Act of March 31, 1860, P. L. 427, sec. 62, provides: "and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict".

This act is penal and must be strictly construed. It is essential that when costs are imposed upon a prosecutor in either a verdict of a petit jury or on an ignoramus return, by a grand jury, that the prosecutor be named in such verdict or return.

In Clemens v. The Commonwealth, 7 Watts 485, the court said:

"The statute which empowers a grand or petit jury to punish with costs is penal, and to be strictly construed. It expressly directs that the name of the prosecutor be found—a requisition not complied with in this instance. The jury found 'the defendant not guilty, and that the prosecutor pay the costs;' but that had no reference to the name of the prosecutor endorsed. The endorsement was to compel the defendant to plead; and though strong, it was not conclusive evidence that the person named was the culpable prosecutor; and it therefore did not appear, with the degree of certainty required by the statute, that he was a prosecutor subject to the penalty. The court therefore proceeded on insufficient premises."

This decision was under the Act of December 7, 1804, 4 Sm. L. 204, and this act, in its words and meaning, is substantially like that of the Act of 1860, supra, so that the case cited still controls. The ruling in the cited case has been followed since the passage of said Act of 1860.

"A verdict in a criminal case imposing the costs upon the prosecutor will be set aside as to costs where the name of the prosecutor is not stated in the verdict": Commonwealth v. Lehrsch, 14 Pa. C. C. 496.

"A verdict which imposes costs on a prosecutor but fails to name him is futile and inoperative and will be set aside although, before the jury was

sworn, the name of the prosecutor was endorsed, by request, upon the face of the indictment": Commonwealth v. Resh, 29 Pa. C. C. 301.

It is thus clear from the authorities cited that it is imperative that the prosecutor should be named in all proper cases where the costs are imposed upon the prosecutor, and we have therefore concluded that the failure of the grand jury to name the prosecutor in their finding which directs the prosecutor to pay the costs is futile and inoperative, and that therefore their finding that the prosecutor shall pay the costs should be set aside.

Now, therefore, June 27, 1934, the rule to show cause why the costs imposed upon Veronika Sewack in the above stated case should not be set aside is made absolute, and that portion of the return of the grand jury imposing costs on said prosecutrix is hereby set aside.